IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CARLA MCCURRY                                                                                                    PLAINTIFF

vs.                                            Civil No. 2:15-cv-02014

CAROLYN W. COLVIN                                                                                           DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Carla McCurry ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability applications on February 23, 2012. (Tr. 9, 135-142). In her applications, Plaintiff alleges being disabled due to Hepatitis C, kidney problems, high blood pressure, a hiatal hernia, heel spurs, bunions, breathing complications from a hernia, and a tailbone injury. (Tr. 183).  Plaintiff alleges an onset date of February 28, 2011.  (Tr. 9).  Plaintiff's

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

applications were denied initially and again upon reconsideration. (Tr. 70-75).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 4, 6-8). Plaintiff's administrative hearing was held on January 16, 2013 in Fort Smith, Arkansas. (Tr. 22-69). At this hearing, Plaintiff was present and represented by Fred Caddell. *Id.* Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing. *Id.*

On October 9, 2013, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 6-16). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 28, 2011, her alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff suffered from the following severe impairments: hypertension, history of kidney stones, and bunions. (Tr. 11-12, Finding 3). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ found Plaintiff was fifty (50) years old, which is defined as a "[p]erson closely approaching advanced age" under 20 C.F.R. § 416.963(d) (2008) (SSI) and under 20 C.F.R. § 404.1563(d) (2008) (DIB). As for her education, the ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 15, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 12-15, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

*Id.* "Light work" includes the following:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) and 416.967(b).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 15, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 15-16, Finding 10). In making this determination, the ALJ applied the Medical-Vocational Guidelines ("Grids"). *Id.* Based upon Rule 202.14 of the Grids and considering Plaintiff's age, education, work experience, and RFC, the ALJ determined Plaintiff was "not disabled" *Id.* Because the Grids directed a finding of "not disabled," the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from February 28, 2011 through the date of his decision or through October 9, 2013. (Tr. 16, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 4). The Appeals Council denied Plaintiff's request for review. (Tr. 1-3). On January 15, 2015, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on

February 12, 2015. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises three arguments for reversal: (A) the ALJ erred by failing to fully and fairly develop the record; (B) the ALJ erred in assessing her credibility; and (C) the ALJ erred in assessing her RFC. ECF No. 9 at 1-15. In her response, Defendant argues the ALJ had sufficient evidence to render an informed decision, the ALJ properly discounted Plaintiff's credibility, and the ALJ properly considered Plaintiff's RFC. ECF No. 10 at 1-13. The Court will

consider each of these arguments.

### A. Development of the Record

Plaintiff claims the ALJ erred in developing the record in her case. ECF No. 9 at 9-10. In making this claim, Plaintiff argues "that the ALJ should have sought further clarification regarding the severity of her hypertension, kidney stones and bunions." *Id.* Plaintiff, however, provided no elaboration as to how any additional development would have been beneficial. *Id.*

Upon review of Plaintiff's claim and Defendant's response, the Court agrees the record in this case was properly developed and no remand is necessary. Notably, the ALJ only has the obligation "to develop a reasonably complete record." *Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994). Here, the transcript in this case over five hundred pages long. This transcript includes over three hundred pages of medical records. (Tr. 244-527).

Notably, in her briefing, Plaintiff does not in any way explain how additional record development would have been beneficial to the ALJ. ECF No. 9 at 9-10. A social security case should only be remanded for failure to develop the record where there has been a showing of prejudice or unfair treatment. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand"). Here, Plaintiff has made no showing of prejudice or unfair treatment. ECF No. 9 at 9-10. Thus, the Court finds Plaintiff has not made the showing required for a remand in this action to further develop the record.

### B. Credibility Determination

Plaintiff claims the ALJ erred in evaluating her credibility. ECF No. 9 at 10-13. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from

*Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ complied with the requirements of *Polaski*. Although the ALJ relied upon the fact Plaintiff's medical records did not support her subjective allegations, the ALJ also noted the following inconsistencies in the record: (1) Plaintiff reported having extensive daily activities (including going grocery shopping as needed, the ability to walk and use public transportation, and the ability to prepare simple meals daily); (2) no physician had placed any functional restrictions on her activities; (3) Plaintiff was not seeking medical treatment and had not consistently sought medical treatment; and (4) Plaintiff had not received treatment for two of her allegedly disabling impairments, bunions and kidney stones.  (Tr. 12-15).

The Court finds these are sufficient reasons for discounting Plaintiff's subjective complaints. *See McDade v. Astrue,* 720 F.3d 994, 998 (8th Cir. 2013) (credibility determination is entitled to deference if supported by good reasons and substantial evidence).  Thus, the Court finds no basis for reversal on this issue.[3]

### C.     RFC Assessment

Plaintiff claims the ALJ erred in assessing her RFC.  ECF No. 9 at 13-15.  Plaintiff claims her alleged limitations are supported by the "overwhelming weight of the evidence." *Id.*  In her briefing, however, Plaintiff references *no medical evidence* demonstrating she is as limited as she alleges. *Id.*  Instead, Plaintiff references her testimony at the administrative hearing wherein she

---

[3] Although it appears the ALJ did not discuss *each Polaski* factor, such a discussion is not required.  *See Casey v. Astrue,* 503 F.3d 687, 695 (8th Cir. 2007) (recognizing "the ALJ's decision need not include a discussion of how every *Polaski* factor relates to the claimant's credibility").

claims she is in constant pain in her tailbone and feet. *Id.*

As noted above, however, the ALJ provided valid reasons for discounting these subjective complaints. Thus, because the ALJ properly discounted Plaintiff's subjective complaints and because Plaintiff only references her subjective complaints in support of these alleged limitations (and no medical records), the Court cannot find a basis for reversal on this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of August 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE